UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORMA NOTTBOHM,<br><br>   Plaintiff,<br><br>  v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No. 23-cv-05171-JD<br><br>**ORDER RE ARBITRATION** |

Defendant Tesla, Inc., asks to compel arbitration of plaintiff Jorma Nottbohm's employment discrimination claims before the JAMS arbitration service pursuant to an employment contract. Dkt. No. 18.[1] Nottbohm signed a contract with an arbitration clause that expressly requires the parties to arbitrate employment-related disputes at JAMS. Dkt. No. 18-2, Exh. A at ECF p. 7. Nottbohm has not provided a good reason to bypass this commitment. Consequently, the case is ordered to arbitration. *See Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233 (N.D. Cal. 2019); *Cornet v. Twitter, Inc.*, No. 22-cv-06857-JD, 2023 WL 187498, at *3 (N.D. Cal. Jan. 13, 2023).

Nottbohm's suggestion that Tesla waived arbitration is not well taken. Nottbohm started this action by filing an arbitration demand with JAMS. He says Tesla ignored the demand after being served by email, and so "deliberately and knowingly omitted to act to enforce its right to arbitrate for a year, thereby clearly waiving that right." Dkt. No. 22 at 5.

To be sure, the right to arbitrate may be waived by conduct, but "[a] 'party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to

---

[1] At the parties' request, the Court deferred the filing of this order to accommodate an early mediation session. Mediation did not resolve the case. Dkt. Nos. 34, 35.

compel arbitration and (2) acts inconsistent with that existing right.'" *McBurnie v. Acceptance Now, LLC*, 643 F. Supp. 3d 1041, 1045 (N.D. Cal. 2022) (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016)), *aff'd in relevant part sub nom. McBurnie v. RAC Acceptance E., LLC*, 95 F.4th 1188 (9th Cir. 2024). "The question of waiver turns on the 'totality' of the actions by the party seeking to compel arbitration, including its 'extended silence and delay in moving for arbitration,' and its conduct in actively litigating a case in court." *Id*. (quoting *Martin*, 829 F.3d at 1125-26).

None of these factors is present here. Tesla certainly has not sought to litigate the case in this Court. In addition, the record does not indicate that an arbitration proceeding at JAMS was formally commenced, which raises concerns that something other than conduct by Tesla may be responsible for the ostensible delay.

In a sur-reply that was improperly filed as a notice of supplemental authority, Nottbohm said for the first time that there are "factual and legal disputes regarding the date Mr. Nottbohm was verbally offered and accepted employment by Tesla." Dkt. No. 25 (citing Dkt. No. 1 ¶¶ 8-10). What this might mean, and why it is being raised so late in the day, are not explained. It also bears mention that the sur-reply was filed without the Court's consent and in violation of the District's Local Rules and the Court's standing orders, and so may be disregarded. In any event, Nottbohm has pushed for arbitration of his employment claims from day one, which manifests a clear understanding that they should go to arbitration.

The case is ordered to arbitration, as Nottbohm initially sought. It is stayed in all other respects. The parties will file joint status reports every 90 days starting on September 9, 2024. The parties are advised that the Court anticipates they will move promptly to arbitration. Either side may raise undue delays with the Court as warranted by developments.

**IT IS SO ORDERED.**

Dated: June 13, 2024

JAMES DONATO
United States District Judge

2